UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 04-65-DCR |
| | ) | Civil Action No. 6: 07-251-DCR |
| V. | ) | |
| | ) | |
| TIMOTHY B. HARDING, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Movant Timothy B. Harding's *pro se* motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. [Record No. 251] For the reasons discussed below, Harding is not entitled to any relief from this Court's prior rulings, orders, or the criminal judgment entered on May 2, 2005. Rather, the Court construes the current motion as a second or successive habeas petition under 28 U.S.C. § 2255. Title 28 of the United States Code, Section § 2244(a)(3)(A), provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Accordingly, it will be transferred to the United States Court of Appeals for the Sixth Circuit in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**I.**

Harding entered a guilty plea on December 9, 2004, to Count 1 of the Indictment, which charged the knowing and intentional manufacture of fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). [Record No. 39; *see* Record No. 9] Pursuant to the plea agreement, Harding waived the right to appeal and the right to collaterally attack his guilty plea, conviction, and sentence. [Record No. 251-1] At a sentencing hearing held on May 2, 2005, Harding was sentenced to a total term of imprisonment of 324 months, followed by five years of supervised release. [Record No. 135] Harding appealed, but the Sixth Circuit granted the government's motion to dismiss based on the waiver provision of the plea agreement. [Record No. 169]

On July 23, 2007, Harding moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. [Record No. 174] However, on August 29, 2008, this Court dismissed the collateral proceeding. [Record No. 225] Harding again appealed, but the Sixth Circuit denied his application for a certificate of appealability on July 31, 2009. [Record No. 230] This Court has since denied two motions to compel filed by Harding. [Record Nos. 239, 246]

**II.**

On May 23, 2013, Harding filed a motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. [Record No. 251] This Rule permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, Rule 60(b) "does not apply in criminal proceedings." *United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004).

Because a collateral attack is civil in nature, "Rule 60(b) motion may be used to seek relief from the denial of a § 2255 motion, but only if it pertains to issues that were decided in the § 2255 case." *Id.*

In his § 2255 petition, Harding asserted several claims for habeas relief. First, he contended that his counsel should have objected to the amount of "actual" methamphetamine that the Presentence Report ("PSR") attributed to him as relevant conduct under U. S. Sentencing Guidelines Manual § 1B1.3. [Record No. 174, p. 4; Record No. 178, p. 12] Second, he contended that his counsel should have argued that his methamphetamine production was solely for "personal use" to reduce his relevant conduct. [Record No. 174, p. 5] Third, Harding claimed that his counsel was ineffective because the § 2D1.1(b)(1) enhancement, as described in the plea agreement, was "ambiguous" and should not have been applied. [*Id.*, p. 7] Fourth, Harding asserted that the United States breached the plea agreement by arguing in favor of a § 3B1.4 enhancement for using a minor in the offense. [*Id.*, p. 8] Fifth, he claimed that he did not knowingly and voluntarily enter a guilty plea because he was unaware of the constitutional rights he would forfeit under the terms of the plea agreement. [Record No. 174-2, pp. 1-2] Sixth, he alleged that his appellate counsel provided ineffective assistance by failing to respond to the government's motion to dismiss his appeal, failing to "present meritorious issues to the best of his ability," and by failing to communicate with Harding about the appeal. [*Id.*, pp. 3, 5, 7-9] Finally, Harding argued that his sentence violated *Booker v. United States,* 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004). [Record No. 178, p. 10]

After considering Harding's objections to the magistrate judge's Recommended Disposition, the Court denied Harding's § 2255 motion. Finding that "any deficiencies in counsel's performance were cured by the colloquy with the Court during the plea hearing," the Court concluded that the waiver provision of the plea agreement was valid and enforceable. [Record No. 225, p. 9] Thus, the Court rejected Harding's claim that he did not make an informed and voluntary waiver of his right to appeal. Harding objected to the magistrate judge's findings with respect to the claims for ineffective assistance of trial counsel on the basis of the alleged failure to object to the amount of "actual" methamphetamine and the failure to contest the § 2D1.1(b)(1) enhancement for use of a minor. Reviewing these claims *de novo*, the Court concluded that Harding did not suffer prejudice from his counsel's alleged errors at sentencing, whether or not his attorney's performance fell below the required standard. Regarding Harding's claim that the government breached the plea agreement by applying the § 3B1.4 enhancement for use of a minor, the Court found that the United States was not prohibited from seeking the enhancement at sentencing because the plea agreement contained language that stated "the parties disagree as to whether § 3B1.4 applies." [*Id.*, p. 12 (quoting Record No. 40)] Finally, the Court found that Harding had waived his claim under *Booker* and *Blakely* and otherwise concluded that the sentence was appropriate under *Booker*.

Harding's current Rule 60(b) motion raises an entirely new and separate claim from those previously considered and rejected by the Court. He argues that "the government breached the plea agreement by not using the specific Guidelines Manual to determine his guideline range and sentence." [Record No. 251, p. 6] Harding maintains that the government did not use or follow

the 2004 Guidelines Manual in calculating his offense level and Guidelines range, in violation of the terms of the plea agreement. He points out that the government relied on the PSR determination that the total drug quantity in question was 257.14 grams, and that the PSR's calculation was based on a 100% yield. Because of this method of calculation, he argues that his sentencing guidelines range could not have been based on the 2004 Guidelines Manual, which — according to Harding — contemplated a 50% yield conversion ratio.[1] [*Id.*, p. 9] Thus, Harding contends that the government "fail[ed] to abide by the literal terms" of the plea agreement. [*Id.*] Further, he argues that his trial counsel provided ineffective assistance of counsel by failing to object to the government's method of calculating the total drug quantity during the plea negotiations.[2] [*Id.*, p. 15] Most importantly, the relief requested establishes that this motion is a successive habeas petition, rather than a motion to reconsider. Harding requests that the Court "remand his case for resentencing," and asks that the Court "determine the correct guideline range in accord with the 2004 Guidelines Manual." [*Id.*, p. 25] In short, it is clear that Harding is seeking relief from the criminal judgment entered on May 2, 2005.

---

[1] Harding asserts that the commentary to § 2D1.1 in the 2004 Guidelines Manual calls for the government to use a 50% yield. This is not the case. Rather, the commentary states that "in a case involving ephedrine, pseudoephedrine, or phenylpropanolamine tablets, use the weight of the ephedrine, pseudoephedrine, or phenylpropanolamine contained in the tablets, not the weight of the entire tablets, in calculating the base offense level." U.S.S.G. § 2D1.1, cmt. n.10 (2004).

[2] As discussed below, nowhere in his Rule 60(b) motion does Harding attack the Court's analysis or conclusions regarding his § 2255 motion. However, to the extent that his argument concerning ineffective assistance of counsel during plea negotiations challenges the Court's prior decision, the Court would deny the motion. Rule 60(b)(6) "requires a showing of 'extraordinary circumstances.'" *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (noting that "[s]uch circumstances will rarely occur in the habeas context"). Despite his assertion that the government violated "the principles of fundamental fairness," [Record No. 251, p. 23], Harding has not established the "extraordinary circumstances" required to require reconsideration of the Court's August 29, 2008 Memorandum Opinion and Order.

Where a defendant's Rule 60(b) motion raises new claims or arguments, rather than a "challenge to the court's analysis in dismissing his prior § 2255 motion," the Rule 60(b) motion is properly construed as a second or successive motion to vacate under § 2255. *Bender*, 96 F. App'x at 345. Here, Harding does not even address the Court's analysis or findings from its August 29, 2008 Memorandum Opinion and Order, much less raise a challenge to that decision. Indeed, he specifically states that "this motion challenges a defect in the integrity of a judicial proceeding . . . [due to] the Government's failure to abide by the literal terms of the plea agreement." [Record No. 251, p. 1] Therefore, Harding seeks to collaterally attack his conviction and sentence on grounds that were not raised in his previous § 2255 motion. As a result, this Court will transfer the matter to the United States Court of Appeals for the Sixth Circuit so that it can determine whether the claims may be presented.

### III.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is **DIRECTED** to transfer Defendant/Movant Timothy B. Harding's current motion [Record No. 251] to the United States Court of Appeals for the Sixth Circuit as a second or successive petition seeking relief under 28 U.S.C. § 2255.

2. To the extent that Defendant/Movant Timothy B. Harding seeks relief from this Court, that request is **DENIED**.

This 20th day of June, 2013.



Signed By:
*Danny C. Reeves* DCR
United States District Judge